CLARENCE E. HALL *vs.* JOHN M. SEARS, executor.

Franklin.    September 19, 1911. — October 20, 1911.

Present: RUGG, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Deed. · Evidence,* Presumptions and burden of proof.    *Contract,* Consideration.

A deed of land, which purports on its face to have been " signed, sealed and delivered in the presence of " a witness whose name is signed, is presumed in the absence of anything appearing to the contrary to have been executed on the day of its date and to have been delivered.

A promise, by the grantor in a deed purporting to convey an undivided half of a certain farm, to record the deed, which the grantor since its execution had retained in her possession unrecorded, made, after the death of the person named in the deed as grantee, to and at the request of the devisee of all the interest in such farm of such grantee, who held at the time of his death the record title to only one undivided half of the farm, is a good consideration for a promise on the part of such devisee to furnish the grantor with firewood during her life, even if the deed was invalid by reason of its non-delivery to the grantee in his lifetime.

HAMMOND, J.    This was an action to recover for wood sold and delivered by the plaintiff to Lydia H. Miles, the defendant's testatrix.    At the trial the plaintiff proved the delivery of the wood and that he had not been paid.    The only defense relied upon was that the wood had been delivered under a special contract between the plaintiff and Mrs. Miles, the testatrix, and that the contract had been fully performed by the latter.    Before rehearsing the terms of the alleged contract it will be convenient to state the circumstances under which it was made.

There was evidence that in January, 1896, Mrs. Miles and her sister Clarissa Hall, being then the owners of an undivided half of a certain farm, caused a deed to be made purporting to convey

to their brother Orville Hall their interest in it, but this deed was not to pass out of the hands of the grantors, nor be recorded, and if both grantors survived Orville Hall the deed was to be destroyed.    Clarissa died before Orville, and there was evidence that after her death he paid her heirs for her share, being one undivided fourth, Mrs. Miles letting him have the money for that purpose; and that at that time Orville said to Mrs. Miles, "Now if you still wish me to have the place you keep the deed ; but if you survive me, burn up the deed and it will be as if never executed."    Orville died on July 9, 1903, leaving Mrs. Miles surviving him and still in possession of the deed. His will contained a clause devising all his interest in this farm to the plaintiff and one Lucy M. Barrows.    There was evidence that after the death of Orville the special agreement above named was made, by the terms of which Mrs. Miles was to cause this deed to be recorded and in consideration of such recording the plaintiff was to furnish her with firewood during her lifetime and to "bank" her house; and that in pursuance of this agreement she caused the deed to be recorded on August 24, 1903.    The plaintiff denied that any such agreement was made.    The case was submitted to the jury on this issue alone, with instructions * to find for the defendant if such an agreement was made; otherwise for the plaintiff.    The jury found for the defendant.

It is urged by the plaintiff that there was no evidence that the agreement was made before the deed was recorded, and that if it was made after the recording it was without consideration. But the verdict shows that under the instructions the jury must have found that the agreement was made before the deed was recorded, and there was ample evidence to support such a finding.    It is further urged by the plaintiff that "the recording of the deed by the testatrix could not in any event be adequate consideration for the alleged promise, because if the deed was delivered to Orville in his lifetime, she had no control over it or interest in it, and if it was not delivered in his lifetime, she could not make a delivery to him after his death which would pass title or be a valuable consideration for the alleged promise."

In considering this objection it is to be noted that the deed was duly executed and acknowledged in January, 1896, several

---

\* By *Crosby*, J.

years before the death of Orville Hall, the grantee; that by the will of Orville, who died in July, 1903, one half of his interest in the farm passed to the plaintiff; that Orville at his death had a record title to one undivided half of the farm and no more; that the deed purported upon its face to have been " signed, sealed and delivered in the presence of A. D. Flower;" that in the absence of anything to the contrary the presumption is that a deed thus witnessed was executed on the day of its date and was duly delivered. *Smith* v. *Porter*, 10 Gray, 66. *Howe* v. *Howe*, 99 Mass. 88. Consequently the record of such a deed would give an apparent record title of this undivided half to Hall under whom the plaintiff claimed. And that would be so even if, by reason of the non-delivery of the deed to Hall in his lifetime, the deed in fact was invalid and the apparent record title for that reason would not be in accordance with the true legal title. It is quite likely that both parties to the agreement supposed that the recording of the deed would not only complete the record title, but would settle any question as to ownership of the part therein described. But however that may be, and whether the deed was valid or not, the delivery of the deed, so that it could be recorded was an act that Mrs. Miles could not have been compelled to perform, an act which the plaintiff desired she should perform, and which he evidently supposed would enure to his profit. She was induced to perform this act by a promise on his part. No authorities are needed to support the proposition that under these circumstances there was a valid consideration for the promise to furnish the wood and that the plaintiff is bound by the agreement. He got what he wanted and must be held to do as he agreed.

Several exceptions were saved to the ruling of the presiding judge as to the admission of evidence. The deed and will of Orville Hall were properly admitted. Each tended at least to show the interest the plaintiff had in the apparent record title. The other exceptions to the rulings upon evidence are not argued upon the plaintiff's brief and in view of their nature we consider them waived.

*Exceptions overruled.*

*W. A. Davenport*, for the plaintiff.

*C. N. Stoddard*, (*D. Malone* with him,) for the defendant.