ALICE SHAMLIAN *vs*. EQUITABLE "ACCIDENT COMPANY.

Suffolk.    November 20, 1916. — February 7, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance*, Accident.  *Evidence*, Record of city or town clerk.

At the trial of an action brought by the beneficiary under a policy of accident insurance to recover for the death of the insured alleged to have been caused "by external, violent and accidental means," where the evidence showed that the insured left his home for the purpose of going to another city and that about one month thereafter his dismembered body was discovered in that city, the record of a certificate of the medical examiner who had performed an autopsy filed in the office of the city clerk of the city where the body was found, stating the cause of death to be "Blows upon the head causing fracture of the skull and bruising and laceration of brain.    (Murder)," is admissible under R. L. c. 29, § 20, as a record of a city clerk relative to a death, and is made by that statute *prima facie* evidence of the facts recorded therein.

In the case above described the medical examiner testified that he viewed the body on a certain day and the next morning performed an autopsy, that he found the body dismembered, that in his opinion death was caused by external violence and that he signed a death certificate.  He testified that in his opinion the death occurred "Anywhere from three to five weeks" before the autopsy, and also testified at length concerning the appearance of the body.  *Held*, that there was sufficient evidence to warrant a finding that the insured met his death by "external, violent and accidental means" within the terms of the policy.

CONTRACT for $1,000 upon a policy of accident insurance as described in the opinion.    Writ in the Municipal Court of the City of Boston dated July 1, 1914.

Upon the evidence, which is described in the opinion, the judge of the Municipal Court found for the plaintiff in the sum of

$1,000, and at the request of the defendant reported the case to the Appellate Division.

The Appellate Division made an order dismissing the report; and the defendant appealed.

R. L. c. 29, § 20, is as follows: "The record of the city or town clerk relative to a birth, marriage or death shall be *prima facie* evidence of the facts recorded. A certificate thereof, signed by the city or town clerk or assistant clerk, shall be admissible as evidence of such record."

*D. T. Montague,* for the defendant.

*W. E. Russell,* for the plaintiff.

CROSBY, J.    The plaintiff is the beneficiary named in an accident insurance policy duly issued by the defendant to one John K. Shamlian, the husband of the plaintiff, for $1,000, by the terms of which she is entitled to receive that amount in the event of the death of the insured "by external, violent and accidental means."

The case is before us upon an appeal from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report of a judge of that court. The report recites that "It appeared in evidence that on the morning of February 9, 1914, the assured, John K. Shamlian, who was a jeweler with a place of business on Washington Street near Dover Street in Boston, left his home for the purpose of going to Lawrence in the pursuit of his business; that he did not return to his home that night and that on Tuesday night, February 10, his brother went to Lawrence and traced his whereabouts as late as nine o'clock on Monday night, February 9, 1914, and that nothing further was known of his whereabouts until March 11, 1914, when the dismembered body of said John K. Shamlian was found buried in a shallow grave in the town of Andover, Mass." The medical examiner of the district in which the body was found testified that he viewed the body on March 11, 1914, and the next morning performed an autopsy; that he found the body dismembered; that in his opinion death was caused by external violence, and that he signed a death certificate. He further testified that in his opinion the death occurred "anywhere from three to five weeks" before the autopsy. He also testified at length concerning the appearance of the body. The only evidence offered of the date and cause of death was the testimony of the medical examiner

and the death certificate filed by him in the office of the city clerk of the city of Lawrence. In the certificate the following appears: "Disease or cause of death, Blows upon the head causing fracture of the skull and bruising and laceration of brain.   (Murder.)"

The defendant duly objected to the introduction of the record of the death certificate filed in the office of the city clerk as evidence of the time, place, and cause of death, and contended that there was not sufficient evidence to warrant a finding that the deceased met his death by "external, violent and accidental means" within the terms of the policy. We are of opinion that the record was admitted properly under R. L. c. 29, § 20. It is not contended that the death certificate embodied in the record contains any statement which the medical examiner was not required by law to recite therein. R. L. c. 24, § 8.

R. L. c. 29, § 20, provides that such a record shall be "*prima facie* evidence of the facts recorded." For many years before the enactment of the Revised Laws, which went into effect on January 1, 1902, this section of the statute provided that such a record "shall be *prima facie* evidence in legal proceedings of the facts recorded." Pub. Sts. c. 32, § 11.   St. 1897, c. 444, § 21.  Upon the enactment of the Revised Laws, the words "in legal proceedings" were omitted. An examination of the report of the commissioners who were appointed to consolidate and arrange the revision of the statutes fails to disclose any reason for the omission. It is, therefore, a reasonable inference that such omission was not intended to change the law as it had previously existed. The language of the statute is not limited in terms to cases where questions concerning public rights are involved and cannot be so construed. Its language is clear and free from ambiguity, and in our opinion the Legislature did not intend to except from its provisions proceedings between private parties growing out of contract or otherwise. No such limitation upon its scope is expressed nor do we think it can be implied. *Krapp* v. *Metropolitan Life Ins. Co.* 143 Mich. 369, 373. *Gilchrist* v. *Mystic Workers of the World,* 188 Mich. 466. *State* v. *McDonald,* 55 Ore. 419, 447. *Murray* v. *New England Order of Protection,* 74 Conn. 715. *Vanderbilt* v. *Mitchell,* 2 Buch. 910, 914, 920. *McKinstry* v. *Collins,* 74 Vt. 147, 154. *State* v. *Pabst,* 139 Wis. 561, 592.

We are of opinion that the statute reasonably and properly

construed is not merely a police regulation adopted for public purposes only, but that it applies to any proceeding in which the facts recited in the record are relevant and material, although in some jurisdictions, in construing statutes similar to that in question, certain courts have arrived at a different conclusion. *Beglin* v. *Metropolitan Life Ins. Co.* 173 N. Y. 374. See Laws of New York, 1913, c. 619, §§ 377, 378, 391.

We do not understand it is contended that the statute was beyond the power of the Legislature to enact. It is competent for the Legislature to modify or alter the rules of evidence as they existed at common law or by previous statutory enactment. There are many statutes which make certain conditions *prima facie* evidence in civil as well as in criminal proceedings. *Commonwealth* v. *Anselvich,* 186 Mass. 376. *Commonwealth* v. *Williams,* 6 Gray, 1.

Although the record is *prima facie* evidence of the facts recorded it determines the verdict or finding only if no other evidence is introduced. If any evidence is introduced to controvert the facts recited in the record, then the case is to be determined upon all the evidence, including the *prima facie* evidence. *Cohasset* v. *Moors,* 204 Mass. 173, 179, 180. *Commonwealth* v. *Williams, ubi supra.*

The defendant also contends that the ruling requested, — that upon all the evidence the plaintiff cannot recover, — should have been made. We are of opinion that, independently of the record of the city clerk, there was sufficient evidence to warrant the finding of the trial judge that the insured was murdered by external violence, and that his death was caused by "external, violent and accidental means."

The record discloses no error of law and the order dismissing the report must be affirmed.

*So ordered.*