Town of Lexington *vs.* Charles W. Ryder & others.

Middlesex.    May 12, 1936. — March 2, 1937.

Present: Rugg, C.J., Crosby, Donahue, Lummus, & Qua, JJ.

*Tax*, Sale, Deed. *Evidence*, Presumptions and burden of proof. *Deed*, Validity, Delivery.

On the sole evidence of a deed by a tax collector to a town, dated and acknowledged on the twentieth day after a tax sale and containing a statement that the purchaser at the sale had failed to pay within twenty days thereafter the amount bid by him, a finding was warranted that the deed was delivered more than twenty days after the sale and that the statement therein was true, and therefore that the sale to the town was valid under G. L. (Ter. Ed.) c. 60, § 49.

Where an issue is to be determined upon two conflicting pieces of evidence, both *prima facie* in character, it cannot be ruled as matter of law that either is controlling; the trier of fact must determine which of the two pieces of evidence has the greater probative value.

Petition, filed in the Land Court on September 9, 1935.

The petition was heard by *Davis*, J. The respondents appealed from a decision that the tax sale to the petitioner was valid.

*R. B. Owen*, (*R. L. Ryder* with him,) for the respondents.

*S. R. Wrightington*, for the petitioner.

Donahue, J. The town of Lexington brought this petition in the Land Court for the foreclosure of all right of redemption under a tax sale. G. L. (Ter. Ed.) c. 60, § 65.

The petitioner claims title under a deed from the collector of taxes of the town which recited that at a tax sale held on September 25, 1931, the real estate in question was bid in by one Tenney, that he failed to pay within twenty days after the sale the sum offered by him, and that the town thereby became the purchaser of the property. The deed was dated and acknowledged on October 15, 1931. It is conceded by the respondents that the deed was recorded within the time after the sale required by the statute.*  G. L. (Ter. Ed.) c. 60, § 45.

---

\* The trial judge found that the deed was recorded on "October 26th." — Reporter.

The respondents contend that the deed given by the collector of taxes to the town was invalid. Under the statute, Tenney, the purchaser at the tax sale, by paying to the collector the amount of his bid "within twenty days after the sale" would become the owner of the tax title, but in the event of his failure to make payment within that period "the sale shall be void, and the town shall be deemed to be the purchaser." G. L. (Ter. Ed.) c. 60, § 49. The day of the date of the deed was the twentieth day after the sale. The respondents contend that the deed to the town was delivered at a time when the twenty-day period within which Tenney could make payment had not expired, when the sale to him had not become void, and when the town could not be deemed to be the purchaser.

A judge of the Land Court found on the evidence that the tax sale to the town was valid. The respondents having offered to redeem if the tax title was held valid, the trial judge ordered that the case stand for further hearing on the matter of redemption. The respondents appealed from the decision of the Land Court.

The deed to the town contained a recital that the purchaser at the tax sale had failed to pay the amount he had bid within twenty days thereafter. Such a recital conformed to the provision of the statute which required that where a town becomes the purchaser by operation of § 49, the deed "shall set forth the fact . . . that the purchaser failed to pay the amount bid." G. L. (Ter. Ed.) c. 60, § 50. By reason of another section of the statute a tax deed when recorded becomes "prima facie evidence of all facts essential to the validity of the title thereby conveyed." G. L. (Ter. Ed.) c. 60, § 45. *Welch* v. *Haley*, 224 Mass. 261. A failure of the purchaser at the tax sale to make payment within twenty days was a fact essential to the validity of the title. By the introduction in evidence of the recorded deed containing such recital there came into the case *prima facie* evidence of the fact that the purchaser did not pay the amount bid by him within twenty days after the tax sale.

If this *prima facie* evidence was uncontradicted it would

compel the conclusion that the purchaser at the tax sale did not make payment within twenty days after the sale. If, however, there was contradictory evidence, that conclusion would not be compelled, but there would be presented the question of fact whether, on the evidence which was made *prima facie* evidence by the statute and on any contradictory evidence, the purchaser had made payment within twenty days after the sale. *Cohasset* v. *Moors*, 204 Mass. 173, 179–180. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 548. *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67, 70. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589–590.

On the date borne by the deed, the twenty-day period within which the purchaser might make payment had not expired, although the deed in effect recited that it had expired without payment having been made. Thus, the date in the deed was other evidence in the case, also *prima facie* in character, which tended to contradict the fact embraced in that recital which the statute made *prima facie* evidence. There was therefore a question of fact to be determined on two pieces of *prima facie* evidence both appearing in the deed. At the time of the trial the collector of taxes who gave the deed had died and there was no one who could testify from personal knowledge as to the facts respecting the execution and delivery of the deed. As to these matters the only evidence was in the deed itself.

The delivery of a deed is essential to its validity and a deed becomes effective only at the time of its delivery. *Dresel* v. *Jordan*, 104 Mass. 407. *Berkshire Mutual Fire Ins. Co.* v. *Sturgis*, 13 Gray, 177. *Harrison* v. *Phillips Academy*, 12 Mass. 455, 461. The date appearing in the deed in this case furnished *prima facie* evidence that it was delivered on the day of its date, *Smith* v. *Porter*, 10 Gray, 66, *Conley* v. *Finn*, 171 Mass. 70, *Hall* v. *Sears*, 210 Mass. 185, but this might "be controlled by other recitals in the deed, or by extrinsic facts and circumstances." *Dresel* v. *Jordan*, 104 Mass. 407, 417.

Where, as here, there are two conflicting pieces of evidence, both *prima facie* in character, it cannot be ruled as

matter of law that either has controlling effect over the other. As was said in *Chandler* v. *Prince*, 217 Mass. 451, 455: ". . . the law does not put all *prima facie* evidence on the same footing, nor declare that it is all of equal probative force. . . . When two pieces of evidence conflict, each declared by law to be of *prima facie* force, then the case is thrown open and is to be considered at large upon all the evidence. The tribunal charged with the ascertainment of the facts is bound to determine the inherent evidential value of each piece of evidence and weigh it with the inferences and probabilities arising from all the circumstances, and thus reach a decision. . . . The evidence is to be considered as a whole and the truth ascertained as in other cases of contradictory evidence." See also *Adams* v. *Hayden*, 236 Mass. 454, 459. Compare *Turner* v. *Williams*, 202 Mass. 500, 505; *Fisher* v. *Drew*, 247 Mass. 178, 183. It was here a question of fact for the trial judge to determine which of the two pieces of *prima facie* evidence had the greater probative value, the burden of proof being on the petitioner.

The express recital in the deed that the purchaser had failed to pay the amount bid was, under the statute, essential to its validity. But the date written in the deed had no essential effect on the time when it should be operative. It is the delivery of a deed and not the date which makes it effective. There is no reason why the collector should make the deed effective before the expiration of the twenty-day period and there were eleven days after its date within which, under the statute, it might be recorded. The trial judge found the *prima facie* evidence that payment was not made by the purchaser within twenty days after the sale to be of controlling force and "On the evidence" found the tax sale to the town to be valid. It cannot be said that this finding was unwarranted.

*Decision affirmed.*