ALEXANDER H. BRODIE, JR., *vs.* DANIEL G. DONOVAN.

Essex.    March 3, 1937. — June 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Partnership,* What constitutes.

The fact, that machinery, tools and money were delivered by a plaintiff in replevin to the defendant under an agreement to form a corporation to carry on a business managed by the defendant, and the cir-

cumstances relating to the business after the defendant had notified the plaintiff that he did not intend to incorporate, warranted a conclusion that no partnership existed between the parties.

REPLEVIN. Writ in the Superior Court dated March 23, 1936.

The action was heard by *Williams*, J.

*E. J. McVey*, for the defendant.

*J. H. Ramsey*, for the plaintiff.

LUMMUS, J. This action of replevin for certain machinery and tools comes here by appeal from an order for judgment for the plaintiff upon the report of an auditor whose findings of fact were to be final.

The plaintiff sent the machinery and tools to the defendant at Lawrence as part of the plaintiff's contribution to the capital of a proposed corporation in which the parties were to have equal shares. The plaintiff was interested in about twenty spring service automobile repair shops, each a separate corporation, which were operated as parts of a chain called "The Brodie System." The proposed corporation was to be part of that chain. The defendant had a building, and began business without waiting for the corporation to be formed. The plaintiff knew that the business was being started, lent the defendant $500 on a personal note in order to give him the necessary cash, caused the machinery and tools to be installed, maintained through his employees "a close supervision over and cooperation with" the shop in Lawrence, shipped to that shop from time to time "the necessary springs and other materials," and treated that shop "the same as any other branch or plant comprising The Brodie System." But the plaintiff handled none of the money, signed nothing, and "remained absolutely passive." The defendant managed the shop and handled the money. He testified that he considered the springs and other materials furnished from time to time by the plaintiff, as part of the "contribution" of the latter to the proposed corporation. The business was unprofitable, and neither party was paid anything.

After a delay of more than a year in forming the pro-

posed corporation, the defendant notified the plaintiff by letter that he had decided not to form any corporation. "It did not appear that . . . [the plaintiff] paid any particular attention to this letter, nor did it appear that there was any change in the method of doing business in Lawrence." Things went on as before for more than a year longer, when the defendant for the first time referred to the relationship between the parties as a "partnership," and proposed by letter to terminate it. This stirred the plaintiff to action. He came to Lawrence, and, after fruitless negotiation, brought this writ of replevin. The auditor found that the defendant had "regarded himself as a partner of" the plaintiff "from the time that he decided not to form any corporation."

The defence is, that the parties were partners, and the machinery and tools assets of the partnership. *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453. The auditor did not find whether or not there was a partnership, as he might well have done, but contented himself with finding the subsidiary facts, the most important of which have already been recited. *Treblas* v. *New York Life Ins. Co.* 291 Mass. 138, 143. *Sojka* v. *Dlugosz*, 293 Mass. 419, 423. See also *Ryder* v. *Donovan*, 282 Mass. 551, 554; *Morin* v. *Clark*, 296 Mass. 479, 485. The judge having to find the ultimate fact of partnership or no partnership, ordered judgment for the plaintiff on the report, and thereby found in effect that no partnership existed.

Clearly the evidence warranted that finding. Indeed, if we assume that an appeal from an order of judgment upon the report of an auditor whose findings of fact are to be final, constituting a case stated (*Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147), puts us fully into the place of the trial judge and raises in this court every question of law or fact that was open in the court below (*Farrington* v. *Boston Safe Deposit & Trust Co.* 280 Mass. 121, 127), we think that that finding was right. The question here arises between the parties to the alleged partnership. Rights of third persons are not involved. A partnership imports an agreement of the parties to become partners.

*Mitchell* v. *Gruener*, 251 Mass. 113, 123. *Edgerly* v. *Equitable Life Assurance Society*, 287 Mass. 238. The weight of the evidence is that there was no such agreement.

*Order for judgment affirmed.*