DAVID KRAMER vs. MASSACHUSETTS GAS & ELECTRIC LIGHT SUPPLY COMPANY.

Suffolk.   October 5, 1937. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

Evidence, Admissions, Interrogatories. Practice, Civil, Auditor: findings.

To refute a finding by an auditor, whose findings were not to be final, that one driving a truck of the defendant involved in a collision was not acting within the scope of his employment, answers by the defendant to interrogatories in an action by another plaintiff involving the same collision, stating that the driver was so acting, were an admission and evidence requiring submission of that issue to the jury.

TORT. Writ in the District Court of Chelsea dated August 30, 1933.

On removal to the Superior Court, the action was heard by an auditor and then tried before M. Morton, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

M. R. Taymore, for the plaintiff.

John J. Sullivan & W. W. O'Hearn, for the defendant, submitted a brief.

LUMMUS, J.   The plaintiff, a passenger in a truck operated by one Rosenblatt, was hurt in a collision with a truck owned by the defendant and operated by its servant named Needel. Both Rosenblatt and Needel were expressly found by the jury to be negligent. The negligence of Rosenblatt was not, however, imputable to the plaintiff. The plaintiff was found by an auditor to have been in the exercise of due care, and there was no evidence to control that finding.

The judge directed a verdict for the defendant on the ground that the auditor had found that Needel was not within the scope of his employment by the defendant at the time of the collision, and there was no evidence before the jury that warranted a finding to the contrary. But the plaintiff introduced before the jury the answers of the defendant's president and treasurer to interrogatories pro-

pounded to him in an action brought against the defendant by the owner of the truck on which the plaintiff was riding, to recover damages for the same collision.   Those answers constituted an admission by the defendant that Needel was operating the defendant's truck at the time of the collision as the servant of the defendant in the regular course of the defendant's business.   *Gunn* v. *New York, New Haven & Hartford Railroad,* 171 Mass. 417.   *Harrington* v. *Boston Elevated Railway,* 214 Mass. 563, 567.   This was evidence that made improper the direction of a verdict based upon the finding in the auditor's report, for it opened the question for the decision of the jury either way upon the conflicting evidence.   *Wyman* v. *Whicher,* 179 Mass. 276.   *Cohasset* v. *Moors,* 204 Mass. 173, 179, 180.   *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243.   *Savin* v. *Block,* 297 Mass. 487.   *Adams* v. *Bolton,* 297 Mass. 459, 464.

*Exceptions sustained.*