ALBERTA KNAPP *vs.* HARRY AMERO.

ALBERT KNAPP *vs.* SAME.

Essex.    October 8, 1937. — November 30, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Motor Vehicle*, Registration, Operation. *Practice, Civil*, Auditor: trial on report only. *Evidence*, Presumptions and burden of proof, Auditor's report.

Under Rule 88 of the Superior Court (1932), after only one party had filed an insistence upon a jury trial and a reservation of the right to introduce evidence beyond an auditor's report and that party before trial had waived both, the other party could not introduce further evidence, but the hearing must be on the report as the only evidence.

The provision of G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, that violation thereof shall not be a defence to certain actions by an innocent occupant of a motor vehicle, applied to an innocent occupant of a motor vehicle owned by a nonresident and operated illegally upon our highways.

Judgment rightly was ordered for the plaintiff at the hearing under
   Rule 88 of the Superior Court (1932) of an action upon an auditor's
   report as the only evidence, such judgment being according to the
   auditor's general conclusion, which was consistent with his subsidiary
   findings.

Two ACTIONS OF TORT.   Writs in the Second District
Court of Essex dated December 7 and December 27, 1935.

After removal to the Superior Court and the filing of
auditor's reports, the actions were heard together without
a jury by *Donnelly,* J., who ordered judgments for the plain-
tiffs in the sums of $6,500 and $890.76, respectively.   The
defendant alleged exceptions.

The cases were submitted on briefs.

*H. R. Mayo & E. J. Garity,* for the defendant.

*J. N. Clark & J. F. Carr,* for the plaintiffs.

DOLAN, J.   These are two actions of tort: the first by
the minor plaintiff to recover for personal injuries sus-
tained in a collision of automobiles, and the second by her
father to recover for consequential damages.   The declara-
tion in each case contains two counts: count 1 alleging
negligence on the part of the defendant, and count 2 al-
leging violation by the defendant of the provisions of
G. L. c. 89, § 1.

The plaintiff in each case seasonably claimed trial by
jury.   The defendant did not claim such trial in either
case.   The actions were referred to an auditor without
provision that his findings were to be final.   The auditor
duly filed his report in each case.   Each of the plaintiffs
in compliance with Rule 88 of the Superior Court (1932)
filed insistence on trial by jury, and reservation of the
right to introduce further evidence as to specified subject
matters, among which was damages.   The defendant did
not file such insistence or reservation.   Thereafter each
plaintiff waived claim of trial by jury and the reservation
of the right to introduce further evidence.   The cases came
on to be heard by the trial judge without a jury.   The
plaintiffs put in evidence the auditor's reports and rested.
The defendant then offered to call the plaintiff in the first
action to testify on the question of damages.   The trial

judge refused to permit the defendant to introduce the evidence and the defendant excepted. Rule 88 relates to "auditors whose findings of fact are not final." Its pertinent provision is that a party shall have the right to introduce evidence other than the report only as to issues upon which he or some other party, by a writing filed within ten days after the filing of the report, reserves the right to introduce further evidence. It is not the intent of the rule, if one party reserves the right to introduce further evidence, and the other party does not, to preserve to the latter the right to do so, if the party who reserves the right waives it. The defendant did not reserve the right in question and the result which followed was caused by his failure to follow procedural requirements. *Fratantonio* v. *Atlantic Refining Co.* 297 Mass. 21, 23. The refusal of the trial judge to admit the further evidence offered by the defendant was right.

The findings of the auditor in the first action may be summarized as follows: The collision occurred shortly before midnight of September 21, 1935, on Elm Street, a highway running from Salisbury to Amesbury. The plaintiff, a girl of seventeen years, was an occupant of an automobile driven by a young friend who lived in Seabrook, New Hampshire, and whose father, also a resident of that town, owned the vehicle. The vehicle was not registered in Massachusetts and was being operated illegally on our highways, but it did not appear that the plaintiff knew this or had reasonable cause to know it. It was not shown that she was the owner or operator of the automobile or that she knew that the law was being violated. The defendant was operating the automobile owned by him; at the time of the collision he was in an intoxicated condition and, as a result, "unfitted . . . for safe driving." The automobile of which the plaintiff was an occupant was proceeding on the right side of the road at a speed of twenty-five miles an hour; that driven by the defendant approached on its right side of the road, and when about five or six yards from that in which the plaintiff was seated it crossed the middle of the travelled way to the left, and there came

into collision with the first vehicle. The plaintiff was very seriously injured. The negligence of the defendant resulted from the fact that he was under the influence of intoxicating liquor and "his negligence was the sole cause of the plaintiff's injuries." The driver of the vehicle of which the plaintiff was an occupant and the plaintiff "were free from negligence." The auditor assessed the damages to the plaintiff in the sum of $6,500.

In the second action the auditor found the facts relative to the consequential damages suffered by the plaintiff and incorporated in his report by reference his report in the first action. He assessed the damages suffered by the plaintiff in the sum of $890.76.

Before arguments the defendant made certain requests for rulings and in response the trial judge ruled as follows: "I rule that" G. L. c. 90, § 9, as amended by St. 1934, c. 361, "is applicable under the facts set out in the auditor's report, and that the plaintiff may recover by virtue of the provision in the auditor's report that she (he) was not the operator of the vehicle and had no knowledge that the provision with reference to registration of automobiles was being violated. I also rule that the violation of the law of the road, as set out in count 2 of the plaintiff's declaration, gave rise to substantive rights on the part of the plaintiff which were not taken from her (him) by the provisions of" St. 1936, c. 49, "and that the verdict being a general one, she (he) is entitled to recover under count 2 of her (his) declaration. Any of the defendant's requests for rulings which are in accordance with the above findings are given and any which are not in accordance with these findings are refused." The defendant duly excepted to the rulings of the trial judge and to his refusal to give the rulings requested. The trial judge ordered that judgment be entered for the plaintiff in each case on the auditor's report.

Section 9 of G. L. (Ter. Ed.) c. 90, as amended by St. 1934, c. 361, prohibiting the operation on our highways of unregistered motor vehicles contains the following provision: "violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person, or for

the death of a person, or for injury to property, unless it is shown that the person injured in his person or property or killed was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the person so injured or killed, or the owner of the property so injured, knew or had reasonable cause to know that this section was being violated."

The defendant contends that said § 9 applies only to resident owners of motor vehicles and has no application to such vehicles illegally operated on our highways and owned by nonresidents; that the statutory provisions governing the operation on our highways of such vehicles are contained in § 3 of said chapter, as amended by St. 1933, c. 188, which makes no reference to the provision of § 9 in favor of innocent persons, and that the plaintiffs are not entitled to the benefits extended by the provision of § 9 above quoted.

The provision above quoted from § 9 was first enacted as St. 1915, c. 87, and was entitled as follows: "An Act to provide that failure to comply with the laws relating to the registration and equipment of motor vehicles shall not be a defense in actions of tort." Resort may be had to the title to aid in the interpretation of the statute. *Brown* v. *Robinson*, 275 Mass. 55. It was not restrictive. It made no reference to resident or nonresident owners. The prohibition of operation of unregistered motor vehicles contained in § 9 of said c. 90 is general. The words "No person shall operate any motor vehicle . . . upon any way except as authorized by section three, unless such vehicle is registered in accordance with this chapter" do not purport to exempt unregistered motor vehicles of nonresidents from the operation of the prohibition, except under certain circumstances and conditions set forth in § 3 in compliance with which a nonresident may avoid offending the general prohibition contained in § 9. Section 9 is expressed in terms of prohibition; § 3, however, is in terms of permission. The design of § 3 was to afford to a nonresident owner of an automobile "the protection of the automobile registration of his home State or country during a temporary sojourn within this Commonwealth" not exceeding a limited period of time.

*Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 443–
444. Section 9 excepts from its general prohibition that
which is permitted under § 3, that is, the operation on our
highways of an unregistered motor vehicle owned by a
nonresident, under certain terms and conditions. The
illegal operation of unregistered motor vehicles of non-
residents is not included within the meaning of this excep-
tion. The decisions of this court dealing with the unlawful
operation of unregistered motor vehicles have heretofore
dealt with the provisions of § 9 of said chapter and its prede-
cessors as those which gave rise to criminal and civil liabil-
ity, and the court has not heretofore discriminated in these
respects between automobiles of resident or nonresident
owners. See *Dudley* v. *Northampton Street Railway*, 202
Mass. 443, 444, 447, 448, 449; *Peabody* v. *Campbell*, 286
Mass. 295, 303, 305; *Simpson* v. *Eastern Massachusetts
Street Railway*, 292 Mass. 562. "A statute as a whole ought,
if possible, to be so construed as to make it an effectual
piece of legislation in harmony with common sense and
sound reason." *Morrison* v. *Selectmen of Weymouth*, 279
Mass. 486, 492. We are of opinion that the provisions of
§ 9 apply to innocent occupants of motor vehicles owned
by nonresidents which are illegally operated on our high-
ways. The ruling of the trial judge to that effect was right.

The auditor's reports being the only evidence introduced
cannot be disbelieved as may the uncontradicted evidence
of a witness; they warrant and may even require judg-
ments in accordance with their conclusions. *Wakefield*
v. *American Surety Co.* 209 Mass. 173, 176. *Ballou* v.
*Fitzpatrick*, 283 Mass. 336, 338. *Savin* v. *Block*, 297 Mass.
487. The question of law presented by the defendant's ex-
ceptions is whether the trial judge, on a hearing restricted
to the reports of the auditor as the only evidence, com-
mitted reversible error in ordering judgments for the
plaintiffs. "When a case is submitted by the parties to
the trial judge upon the report of the auditor alone, 'all
inferences of fact which could reasonably be drawn from
the evidence in favor of the general conclusion of the audi-
tor, will be presumed to have been so drawn by him.' *Peru*

*Steel & Iron Co.* v. *Whipple File & Steel Manuf. Co.* 109 Mass. 464, 466. This general finding was *prima facie* evidence warranting an ultimate finding in favor of the plaintiff unless necessarily inconsistent with other findings in the report." *Rosenblum* v. *Ginis,* 297 Mass. 493, 496. In the instant cases the subsidiary findings of the auditor are not inconsistent with the ultimate findings in favor of the plaintiffs. None of them discredits the reports or contradicts the general findings. *Robinson* v. *Hooker,* 174 Mass. 490, 491. *Brooks* v. *Davis,* 294 Mass. 236, 238. They govern the case. *Hunt Drug Co.* v. *Hubert, ante,* 195. The auditor's conclusion that the negligence of the defendant was "the sole cause of the plaintiff's injuries" is unequivocal and amply warranted by the facts found. The action of the trial judge in ordering the entry of judgment in each case for the plaintiff was right. This being so, we deem it unnecessary to discuss the only other exception argued by the defendant as to the ruling of the trial judge concerning the effect on preëxisting causes of the enactment of St. 1936, c. 49, amending G. L. (Ter. Ed.) c. 89, § 5, on which, and on § 1 of said chapter, the second counts of the plaintiffs' declarations were based.

*Exceptions overruled.*