FRANK H. FALLON *vs.* EDWARD DARNEY.

Suffolk.    November 9, 1937. — May 26, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Auditor: findings.  *Evidence,* Of identity.

Upon some subsidiary findings by an auditor, whose findings were not to be final, and other evidence, a conclusion that an automobile which had struck the plaintiff was owned by the defendant was warranted although another subsidiary finding and a conclusion of the auditor were to the contrary.

TORT.    Writ in the Superior Court dated May 25, 1933.

After a hearing by *Donahue,* J., without jury, upon an auditor's report and other evidence, there was a finding for the plaintiff in the sum of $3,750.  The defendant alleged exceptions.

*T. H. Mahony & R. J. Coffin,* for the defendant, submitted a brief.

*H. W. Sullivan,* for the plaintiff.

LUMMUS, J.   The plaintiff, on February 25, 1933, parked his automobile on the right hand side of Boylston Street in Boston, near Clarendon Street, with its front towards Boston Common.   After looking to see whether any vehicle was approaching from the rear and seeing none, he got out by the door on the left side, which was away from the curb. Almost at once he was knocked down.   Witnesses testified that what struck him was an automobile going towards Boston Common and driven by a man of about forty years. The case is here, after a finding of the judge for the plaintiff, upon exceptions taken by the defendant.   His only contention is that there was no sufficient evidence that he operated or owned the automobile that struck the plaintiff.   If the defendant was the registered. owner, his ownership was evidence that he was responsible for the manner of its operation.   G. L. (Ter. Ed.) c. 231, § 85A.   If there was such evidence, the auditor's finding that the automobile that struck the plaintiff was not the defendant's ceased to have any controlling legal force, and the question became one for the tribunal of fact on all the evidence.   *Wyman v. Whicher,* 179 Mass. 276, 277.   *Ballou v. Fitzpatrick,* 283 Mass. 336.   *Kramer v. Massachusetts Gas & Electric Light Supply Co.* 298 Mass. 457.

We think there was evidence that the defendant was the registered owner, if not the operator, of the automobile that struck the plaintiff.   (a) An eye-witness testified that the defendant's automobile resembled the one in question, and that the defendant looked "70 per cent . . . but not 100 per cent" like the man whom he saw in it.   (b) The auditor found that one Bean saw the accident and wrote down in good faith the registration number of the automobile in question as 671,507, which was the registration number of the defendant's automobile.   That finding remained evidence in the case, notwithstanding the auditor's general finding that Bean was mistaken, and that the automobile in question was not the defendant's.   (c)  There was evidence

that snow began to fall upon bare ground a few hours before the accident, and continued through the night. When police officers, a few days later, found the defendant's automobile in the open, the defendant told them it had not been moved since two days before the accident. Yet they noticed its tracks in the snow leading to the place, and noticed that the snow under it was as deep as the snow around it, about four inches. (d) The officers found a broken door handle under four inches of snow in the rear corner of the right hand running board, that matched the handle on the right hand door. The automobile had but one door on each side. There was a new smooch on the right hand door, "as though it was brushed into the rear." The door handle on the left side was missing, but the part of the plate intended to be covered by a door handle was still bright and untarnished. Although the defendant testified that the left hand door handle was missing when he bought the automobile a few months before, it could have been found that the right hand door handle had been recently broken off and replaced by the left hand door handle.

*Exceptions overruled.*