AGNES COOK vs. FARM SERVICE STORES, INC.

WILLIAM COOK vs. SAME.

AGNES COOK vs. DONALD R. BLOOD.

Norfolk.    November 17, 1938. — December 10, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Auditor: findings. *Evidence,* Presumptions and burden of proof. *Words,* "Prima facie evidence," "Controlling evidence."

Statement and review of the authorities by LUMMUS, J., respecting the weight and effect to be given to findings of fact by an auditor whose findings were not to be final.

After all material findings of fact by an auditor whose findings were not to be final had been contradicted by evidence, a request that the jury be instructed that the auditor's report had "a special evidential character, which in the absence of controlling evidence, either stated in the report or put in outside the report, must be considered by the court and jury as final," properly was refused.

THREE ACTIONS OF TORT. Writs in the Municipal Court of Brookline dated May 28, June 24, and September 22, 1937, respectively.

On removal to the Superior Court, after a report by an auditor, the actions were tried together before *Donahue,* J., and there were verdicts for the plaintiffs in the sums

of $5,000, $350, and $5,000 respectively. The defendants alleged exceptions.

*C. A. McCarron & J. F. Dolan,* for the defendants, submitted a brief.

*I. Rogosin, (W. S. Hershman* with him,) for the plaintiffs.

LUMMUS, J. These actions of tort for negligence arise out of a collision between a bicycle operated by the minor plaintiff and a motor vehicle owned by the corporate defendant and operated by its servant the individual defendant. The cases were referred to an auditor (Rule 88 of the Superior Court [1932]), whose findings were not to be final. After a complete trial, before a jury, at which the auditor's report in favor of the defendants was introduced in evidence, and was apparently contradicted as to every material finding by evidence, the jury returned verdicts for the plaintiffs. The only question raised by the defendants' exceptions is the propriety of the refusal of a requested instruction concerning the weight which the jury should give to the auditor's report.

What we shall say about auditors is not to be applied to an auditor whose findings of fact by agreement are to be final, and consequently are governed by the rules applicable to a case stated (*Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147; *Prendergast* v. *Sexton,* 282 Mass. 21, 24; *Brodie* v. *Donovan,* 298 Mass. 69, 71; *Norman* v. *Barnes,* 298 Mass. 434, 438–439; *Pheeney* v. *Malden Coal Co.* 300 Mass. 60; *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223), nor to a master in equity, whose findings differ from those of an auditor in function and effect. *Kyle* v. *Reynolds,* 211 Mass. 110, 112. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 483. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. *MacLeod* v. *Davis,* 290 Mass. 335. *Dodge* v. *Anna Jaques Hospital, ante,* 431. This opinion deals only with auditors whose findings of fact have not been made final by agreement of the parties.

Our statute, G. L. (Ter. Ed.) c. 221, § 56, so far as relates to this case, provides that "The auditor's findings of fact shall be *prima facie* evidence upon such matters only as are embraced in the order . . ." In this case the findings

made unquestionably concerned matters "embraced in the order" referring the case to the auditor. The statute long ago was held constitutional. *Holmes* v. *Hunt*, 122 Mass. 505. *Fratantonio* v. *Atlantic Refining Co.* 297 Mass. 21. *Ex parte Peterson*, 253 U. S. 300.

Each and every finding of fact, whether general or detailed, ultimate or subsidiary, reported by an auditor, becomes "*prima facie* evidence." That expression has acquired a definite legal meaning in this Commonwealth. *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67, 70. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Haun* v. *LeGrand*, 268 Mass. 582. *Lexington* v. *Ryder*, 296 Mass. 566, 567–568. An analysis of that expression shows, first of all, that *prima facie* evidence is "evidence," remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246, *et seq.* *Worcester Bank & Trust Co.* v. *Holbrook*, 287 Mass. 228. *Ott* v. *Comeau*, 297 Mass. 108. *Lexington* v. *Ryder*, 296 Mass. 566. *Prima facie* evidence means evidence which not only remains evidence throughout the trial but also has up to a certain point an artificial legal force which compels the conclusion that the evidence is true, and requires the judge to give effect to its unquestionable truth by a ruling or a direction to the jury.

When does *prima facie* evidence, such as a finding by an auditor, lose its artificial legal force and compelling effect, and retain only its inherent persuasive weight as a piece of evidence to be considered with other evidence in finding the fact? The rule as to auditors is, that a finding of fact by an auditor retains the artificial legal force and compelling effect which it has by virtue of being "*prima facie* evidence," until, and only until, evidence appears that warrants a finding to the contrary. *Wyman* v. *Whicher*, 179 Mass. 276, 277. *Cohasset* v. *Moors*, 204 Mass. 173, 179–180. *Sherry* v. *Littlefield*, 232 Mass. 220, 223. *King* v. *Freedman*, 239 Mass. 560, 564. *Solomon* v. *Boylston National Bank*, 269 Mass. 589, 592. *Bianco* v. *Ashley*, 284 Mass. 20, 25. *Kneizys* v. *Stone*, 297 Mass. 31, 33. *Kramer* v. *Massachu-*

setts *Gas & Electric Light Supply Co.* 298 Mass. 457.  *Conte*
v. *Mizzoni,* 298 Mass. 463.  *Fallon* v. *Darney,* 300 Mass.
365.  See also *Shamlian* v. *Equitable Accident Co.* 226 Mass.
67, 70; *Lexington* v. *Ryder,* 296 Mass. 566, 567–568.

The finding of an auditor, after evidence to the contrary
appears, remains evidence, even though the finding in ques-
tion is of a general or ultimate nature, and subsidiary or
specific findings either are absent or are such as warrant a
contrary finding;  but where some subsidiary or specific
finding is so inconsistent with the general or ultimate find-
ing that as matter of law they cannot stand together, the
general or ultimate finding has no evidential value.*  *Newell*
v. *Chesley,* 122 Mass. 522.  *Brooks* v. *Davis,* 294 Mass.
236, 238.  *Epstein* v. *Simco Trading Co. Inc.* 297 Mass.
282.  *Rosenblum* v. *Ginis,* 297 Mass. 493, 496.  *Knapp* v.
*Amero,* 298 Mass. 517, 523.

The evidence that warrants a finding contrary to that of
the auditor, and therefore deprives the auditor's finding
of its artificial force, may consist of evidence outside the
report, introduced at the trial (*Adams* v. *Bolton,* 297 Mass.
459, 464–465), or of subsidiary or specific findings of fact
by the auditor, from which an inference may be drawn as
to an ultimate or other fact, contrary to the finding of the
auditor with reference to that fact.†  We cite only a few
of the many cases to this effect.  *Emerson* v. *Patch,* 129
Mass. 299.  *Livingston* v. *Hammond,* 162 Mass. 375.  *Fisher*
v. *Doe,* 204 Mass. 34, 41.  *Wheeler* v. *Tarullo,* 237 Mass.
306, 311.  *South Lancaster Academy* v. *Lancaster,* 242 Mass.
553, 556.  *Ballou* v. *Fitzpatrick,* 283 Mass. 336.  *Savin* v.
*Block,* 297 Mass. 487.  *Hebert* v. *Hicks,* 299 Mass. 538.

---

* For the general legal superiority of subsidiary or specific findings over
inconsistent general or ultimate findings, see *Duralith Corp.* v. *Leonard,* 274
Mass. 397, 401; *Bacon* v. *Kenneson,* 290 Mass. 14, 15; *MacLeod* v. *Davis,*
290 Mass. 335, 337–338; *Assessors of Boston* v. *Garland School of Home Mak-
ing,* 296 Mass. 378, 384; *McCarthy* v. *Lane,* 301 Mass. 125, 127.  *Dodge* v.
*Anna Jaques Hospital, ante,* 431, 435.

† The reported cases tend to show that a finding by an auditor may also
be controlled by an inference to the contrary from mere evidence stated or
reported by an auditor.  *Commonwealth* v. *Cambridge,* 4 Met. 35, 40.  *Taun-
ton Iron Co.* v. *Richmond,* 8 Met. 434.  *Blackington* v. *Johnson,* 126 Mass. 21.
*Peaslee* v. *Ross,* 143 Mass. 275.  *Title Guaranty & Surety Co.* v. *Fred T. Ley
& Co. Inc.* 238 Mass. 113, 117.  *Druggists Circular, Inc.* v. *American Soda
Fountain Co.* 240 Mass. 531, 534.  *Leathe* v. *Bullard,* 8 Gray, 545.

When facts found by an auditor warrant either of two contrary inferences, a further finding arrived at by drawing one of those inferences cannot have any artificial force, even for a moment. As soon as the auditor's report is presented, it raises a pure question of fact. See *Lexington* v. *Ryder*, 296 Mass. 566, 567–568.

In such a case, where the fact-finding tribunal, whether judge or jury, may draw either of two contrary inferences from the auditor's report, the finding of that tribunal, made by way of inference, is as completely final as though based upon evidence outside the report. It cannot be reviewed by this court, even though the whole basis for inference is contained in the record before us. *Wirth* v. *Kuehn*, 191 Mass. 51, 53. *Bianco* v. *Ashley*, 284 Mass. 20, 26. *Knapp* v. *Amero*, 298 Mass. 517, 522. The statement to this effect in *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126, 129 (see also *Scott* v. *Lieberman*, 284 Mass. 325, 327), is unquestionably true when applied to cases where the findings of the auditor are not final, like *Ballou* v. *Fitzpatrick*, 283 Mass. 336, *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 308, and *Rosenblum* v. *Ginis*, 297 Mass. 493, 496–497. The basic reason for this is stated in *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143, 144, *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 340, and *Worcester* v. *L. Rocheford & Son, Inc.* 300 Mass. 261, 263.

In the present cases, after the material findings of the auditor had been contradicted by evidence, the defendants requested an instruction to the jury that the auditor's report had "a special evidential character [or weight], which in the absence of controlling evidence, either stated in the report or put in outside the report, must be considered by the court and jury as final." The words "controlling evidence" in that requested instruction are ambiguous. They may mean evidence warranting a finding contrary to that of the auditor, or they may mean evidence accepted by the tribunal of fact in preference to the finding of the auditor. If the former meaning was intended, the request was a mere abstraction, for there was no absence of

evidence warranting a contrary finding.   The latter meaning comes close to the heresy that an auditor's report may change the burden of proof.   *Morgan* v. *Morse*, 13 Gray, 150.   *Wyman* v. *Whicher*, 179 Mass. 276, 277.

True, similar words were used, as the defendants point out, in *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176, and *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246, and in other cases as well, but without indication as to which meaning was intended.   In other cases there is language that might lead one to the erroneous belief that *prima facie* evidence, though fully contradicted, nevertheless retains some indefinite artificial superiority.   For example, see *Cincotta* v. *DuPuy*, 294 Mass. 298, 299.   Sometimes an auditor's findings have been spoken of as *prima facie* evidence, and not merely as evidence, after they have been contradicted and the issues set at large for decision by the fact-finding tribunal.   *Leathe* v. *Bullard*, 8 Gray, 545.   But though such language may be used, it ought to be understood that at that stage the findings have no artificial force but only the weight that they deserve in the estimation of the jury.   *Adams* v. *Bolton*, 297 Mass. 459, 464–465.   *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329.

The instruction requested was inexact and ambiguous, and tended to blur the view that we deem the true one. The judge was right in refusing to give it.   In his charge he laid down the true rule clearly and accurately.

*Exceptions overruled.*