ANNA H. FRENCH vs. JORDAN MARSH COMPANY.

OSCAR W. FRENCH vs. SAME.

Worcester.   September 24, 1940. — October 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil*, Auditor:  reservation of right to introduce evidence; Rules of court.

Under Rule 88 of the Superior Court (1932), where a plaintiff after the filing of an auditor's report reserved a right to introduce evidence other than the report upon certain issues, and the defendant filed no reservation of such right, the defendant nevertheless was entitled to introduce evidence other than the auditor's report to meet any evidence introduced by the plaintiff under his reservation.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated June 7, 1935.

The actions were tried together before *Dillon*, J., and verdicts for the defendant returned.   The plaintiffs alleged exceptions.

*W. F. A. Graham*, (*F. P. Ryan* with him,) for the plaintiffs.

*C. C. Milton*, (*R. C. Milton* with him,) for the defendant.

QUA, J.   The only question in these cases involves the construction of Rule 88 of the Superior Court (1932).

The rule relates to the reports of auditors whose findings of fact are not final.   The part here material reads as follows:  "A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the report he shall file a statement that he insists thereon. He shall have the right to introduce evidence other than the report only as to issues upon which he or some other party, by a writing filed within such time, reserves the right to introduce such evidence;  but the court may permit amendment of such reservation at any time."   In these actions (for personal injuries and consequential damages respectively), after an auditor's report in favor of the

defendant, the plaintiffs reserved their rights to introduce further evidence under the rule. The defendant did not reserve its rights. At the trial the plaintiff in the first case introduced further evidence which, so far as appears, bore upon the issues as to which the plaintiffs had reserved their right. Since the two cases were tried together, we assume that this evidence was received in both cases. There is nothing to indicate that its application was restricted. See *Solomon* v. *Dabrowski*, 295 Mass. 358, 359. The defendant introduced the auditor's report and was then allowed to introduce further evidence "material on the issues." The plaintiffs excepted. We construe "issues" in the context in which it appears in the bill of exceptions as meaning those issues upon which the plaintiffs had reserved their rights to introduce evidence other than the auditor's report and upon which one of the plaintiffs had in fact introduced such evidence.

The plaintiffs contend that inasmuch as the defendant filed no reservation of its own right to introduce evidence outside of the report it had no right even to meet the outside evidence introduced on the part of the plaintiffs. The rule will not admit of this construction. No such one-sided trial was intended. The rule is plain that "A party . . . shall have the right to introduce evidence other than the report only as to issues upon which he or some other party" reserves the right. As to the defendant the plaintiffs were other parties. They reserved the right, and one of them at least exercised it at the trial. By the terms of the rule the defendant was entitled to meet the evidence introduced by "some other party" under a reservation by the latter. The case is entirely different from *Knapp* v. *Amero*, 298 Mass. 517, where the parties who had reserved their rights waived them before trial.

*Exceptions overruled.*