WILLIAM BROOKMAN & another *vs.* ANTHONY DEGREGORIO. February 3, 1969. This action of tort by husband and wife arises out of a collision between a car driven by the wife and a car driven by the defendant in Charles Street Circle, Boston. An auditor, whose findings of fact were not to be final, found that both drivers were negligent and made a general finding for the defendant. On retrial in the Superior Court there were verdicts for the plaintiffs. "The auditor's findings of fact shall be prima facie evidence . . . ." G. L. (Ter. Ed.) c. 221, § 56. As stated in *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566–567, *"Prima facie* evidence means evidence which not only remains evidence throughout the trial but also has up to a certain point an artificial legal force which compels the conclusion that the evidence is true . . . . [This is] only until evidence appears that warrants a finding to the contrary. . . . The evidence that warrants a finding contrary to that of the auditor, and therefore deprives the auditor's finding of its artificial force, may consist of evidence outside the report, introduced at the trial . . . or of subsidiary or specific findings of fact by the auditor, from which an inference may be drawn as to an ultimate or other fact, contrary to the finding of the auditor with reference to that fact." In the case at bar there were subsidiary or specific findings in the report which warranted the drawing of inferences contrary to the finding of the auditor. This is sufficient ground to uphold the result. The judge's charge gave most aspects of the *Cook* case, but did not mention that the additional evidence should warrant a contrary finding. The defendant orally moved that the judge rephrase his charge, based upon a suggested revision which failed to recognize that the report could lose its artificial legal force where evidence appeared to the contrary. The judge denied the motion and the defendant excepted. There was no error. There likewise was no error in the denial of the defendant's motion for a new trial.

*Exceptions overruled.*

The case was submitted on briefs.
*Andrew T. Campoli* for the defendant.
*Clement A. Ferris* for the plaintiffs.