JAMES BOYAS *vs.* BERTHA L. RAYMOND.

Essex.  October 8, 1937. — April 10, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Presumptions and burden of proof.  *Practice, Civil*, Auditor: findings.

At the trial of an action for personal injuries against the owner of an automobile, neither a finding by an auditor that the operator of the automobile when it injured the plaintiff was not the defendant's agent or servant, nor evidence of its registration in the defendant's name as owner introduced under G. L. (Ter. Ed.) c. 231, § 85A, remained *prima facie* evidence on the issue of the defendant's legal responsibility for its operation; they became merely pieces of conflicting evidence for the jury, and it could not properly have been ruled that the defendant had sustained the burden, imposed by § 85A, of establishing the affirmative defence of absence of responsibility.

One introducing in evidence an auditor's report containing some favorable findings is not thereby bound by unfavorable findings which he contradicts by other evidence.

TORT.  Writ in the Superior Court dated October 9, 1933.

There was a verdict for the plaintiff in the sum of $2,800 at the trial before *Goldberg*, J.  The defendant alleged exceptions.

The case was submitted on briefs.

*H. R. Mayo & E. J. Garity*, for the defendant.

*J. W. Morgan & J. R. Cahill, Jr.*, for the plaintiff.

DONAHUE, J. The plaintiff, while on a public highway, was struck and injured by an automobile owned by the defendant and operated by one Morse. An action brought by the plaintiff to recover damages from the defendant was referred to an auditor whose findings of fact were not made final by the order appointing him. The auditor found that negligence of the operator Morse caused the plaintiff's injury and that the plaintiff was in the exercise of due care. He also found that Morse was operating the automobile "with the permission of the defendant, but that he was on an errand of his own when the plaintiff was injured, and that there existed between the defendant and Morse no relationship of principal and agent or master and servant," and made a finding for the defendant.

At the trial in the Superior Court, before a jury, the plaintiff introduced in evidence the auditor's report, a certified copy of a certificate of registration showing that the defendant's automobile was registered in her name as owner, and the oral testimony of witnesses. The defendant now concedes that there was evidence to warrant findings by the jury that Morse was operating the defendant's automobile at the time of the plaintiff's injury in a negligent manner and that the plaintiff was in the exercise of due care. It is the defendant's contention that her motion for a directed verdict should have been granted on the ground that there was nothing before the jury to warrant a finding that at the time of the accident the relationship of master and servant or principal and agent existed between the defendant and Morse.

Findings of the auditor in addition to those earlier recited are here summarized: The defendant and Morse occupied rooms on different floors in a lodging house; there was in Morse's rooms an ice chest which had been bought by the defendant but on the day of the accident was being used by Morse for his own purposes. On that day Morse asked and was given permission by the defendant to use her automobile for the purpose of procuring ice for use in the ice chest, and the defendant gave Morse the keys to the automobile. At the trial before the jury the plaintiff introduced

the testimony of the proprietor of the lodging house to the effect that, prior to the accident, Morse let the ice chest overflow and she stopped him from using it and thereafter most of the time Morse used the ice chest of the proprietor.

With respect to the matter of the responsibility of the defendant for the manner of operation of her automobile by Morse at the time of the accident, there were two pieces of evidence, each given by a statute *prima facie* effect, from which conflicting inferences might be drawn. Upon the introduction of the auditor's report at the trial before the jury, his findings respecting the absence of such responsibility on the part of the defendant became *prima facie* evidence. G. L. (Ter. Ed.) c. 221, § 56. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. On the other hand, the evidence that, at the time of the plaintiff's injury, the automobile was registered in the name of the defendant as owner of the automobile was by another statute made "prima facie evidence that it was then being operated by or under the control of a person for whose conduct the defendant was legally responsible . . . ." G. L. (Ter. Ed.) c. 231, § 85A. The same statute further provides that the "absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant." The answer of the defendant in the present case sets up this affirmative defence.

It could not rightly have been ruled as matter of law that one of these two conflicting pieces of evidence, which by different statutes were given a *prima facie* quality, should be accepted by the jury and the other rejected. Neither retained the quality of compelling the conclusion that it was true, although each remained evidence throughout the trial. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. "When two pieces of evidence conflict, each declared by law to be of *prima facie* force, then the case is thrown open and is to be considered at large upon all the evidence. The tribunal charged with the ascertainment of the facts is bound to determine the inherent evidential value of each piece of evidence and weigh it with the inferences and probabilities arising from all the circumstances, and thus

reach a decision. It becomes a question to be decided according to the sound judgment of the jury, which evidence in fact is the more credible. . . . The evidence is to be considered as a whole and the truth ascertained as in other cases of contradictory evidence." *Chandler* v. *Prince*, 217 Mass. 451, 455. *Lexington* v. *Ryder*, 296 Mass. 566, 568.

Absence of legal responsibility of the defendant for the operation of the automobile at the time the plaintiff was injured was by the statute made an affirmative defence. G. L. (Ter. Ed.) c. 231, § 85A. "It is rarely that it can be ruled as matter of law that an affirmative defence has been made out," *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589; *Lennon* v. *Cohen*, 264 Mass. 414, 426; *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, and cases cited, and such a ruling could not here properly have been made. The jury had before it two conflicting pieces of evidence, neither of which retained controlling *prima facie* force. The weight to be given to all the evidence in the case was a matter for the jury. The plaintiff, by introducing the report of the auditor, who found the operator of the automobile negligent and the plaintiff in the exercise of due care, did not become bound by other findings therein as to the relationship existing between the defendant and the operator of her automobile. *Haun* v. *LeGrand*, 268 Mass. 582, 584. *Newman* v. *Levinson*, 266 Mass. 264, 266. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 111.

*Exceptions overruled.*