HARRY W. BURRELL, administrator, *vs.* RALPH H. WHITING.

Plymouth. January 4, 1949. — April 21, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Auditor: appointment, findings, report of evidence; Waiver; Jurisdiction. *Waiver. Contract*, Implied, Personal service.

There was no merit in a contention that there was no evidence to support the findings of an auditor appointed by a Probate Court where the evidence before the auditor was not reported and no request for a summary thereof was made under Rules 21 and 32 of the Probate Courts (1934).

A claim by a daughter against the estate of her mother for services rendered without an express contract for payment properly was sustained where it appeared that the daughter expected to be paid therefor and the mother knew or ought to have known of such expectation.

A judge of a Probate Court has no authority to appoint an auditor in a proceeding under G. L. (Ter. Ed.) c. 197, § 2, as amended by St. 1933,

c. 221, § 3, for determination of the validity of a claim against the estate
of a decedent.

An error of a Probate Court in referring to an auditor a proceeding under
G. L. (Ter. Ed.) c. 197, § 2, as amended by St. 1933, c. 221, § 3, for
determination of the validity of a claim against the estate of a decedent
was procedural and might be waived.

Upon an appeal by a party aggrieved by a decree in a proceeding in a
Probate Court for the determination of the validity of a claim against
the estate of a decedent, the appellant waived any objection to a
reference of the case to an auditor without authority in the court so
to do where it appeared that he had not argued the impropriety of the
reference.

PETITION, filed in the Probate Court for the county of
Plymouth on September 14, 1947.

The case was heard by *Stone*, J.

In this court the case was submitted on briefs.

*A. F. Lyon*, for the respondent.

*F. J. Geogan & R. J. Geogan*, for the petitioner.

WILLIAMS, J. This is a petition filed in the Probate Court
of Plymouth County by the administrator of the estate of
Nellie T. Whiting for the determination under G. L. (Ter.
Ed.) c. 197, § 2, as amended by St. 1933, c. 221, § 3, of the
validity of a claim of Florence M. Hart against the estate
for personal services rendered to the intestate. By agree-
ment of the administrator and the claimant, the matter
was referred to an auditor appointed by the judge, findings
of fact to be final. In his report the auditor found that the
claimant, a daughter of the deceased, rendered services to
her mother of the value of $1,208; that there was no express
contract as to payment for the services; but that the
claimant expected to be paid and that the mother knew
or ought to have known that the daughter expected to be
paid. The report was confirmed and the judge entered a
decree that "in accordance with the findings of said auditor"
the claim is valid and that the estate owes the claimant
$1,208.

Ralph H. Whiting, an heir of the estate, having objected
to the finding of the auditor on the grounds that there was
"not sufficient evidence in law to support the . . . findings
of fact" and that the auditor failed to insert in his sub-

sidiary findings facts pertaining to the good health of the deceased, appealed from the decree. The evidence before the auditor was not reported and the appellant has not complied with the provisions of Rules 21 and 32 of the Probate Courts (1934) in reference to obtaining a summary thereof. The ultimate findings of the auditor, not being inconsistent with his subsidiary findings, require a decree in favor of the claimant in the sum of $1,208. *Butler* v. *Butler,* 225 Mass. 22. *Tower* v. *Jenney,* 279 Mass. 208. *Macomber* v. *King,* 288 Mass. 381.

Although the point has not been argued, it appears that the judge had no authority to appoint an auditor in this case. Limited authority is given to the Probate Courts to appoint auditors by G. L. (Ter. Ed.) c. 221, § 57, which provides: "After any account of an . . . administrator . . . has been filed . . . the judge . . . may, before approving it, appoint one or more auditors to hear the parties, examine vouchers and evidence and report upon the same to the court. The report shall be prima facie evidence upon such matters as are expressly referred to such auditors." The present case is not a proceeding on an account. The original parties, however, did not object to the improper appointment and on the contrary expressly assented to it. The present appellant has not argued the point and must be considered to have waived it. As the court had jurisdiction of the parties and the subject matter of the litigation, the error is procedural and one which can be and has been waived by the parties. *Kirby* v. *Donovan,* 228 Mass. 86, 90. *Paige* v. *Sinclair,* 237 Mass. 482, 484. *Sullivan* v. *Jordan,* 310 Mass. 12, 16.

*Decree affirmed.*