BOSTON REDEVELOPMENT AUTHORITY *vs.* JOHN Z. DOHERTY.

Suffolk.   March 3, 1976. — April 7, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Eminent Domain,* Damages.  *Practice, Civil,* Master: appointment; Judicial discretion.  *Massachusetts Rules of Civil Procedure.*

It was an improper exercise of discretion for a judge of the Superior Court to refer to a master, findings of fact not to be final, a petition for the assessment of damages for a taking by eminent domain, both parties to which had seasonably claimed trial by jury; the order of reference was vacated and the petition must stand for trial and other proceedings in the Superior Court in accordance with G. L. c. 79, § 22, amended by St. 1973, c. 983, § 1.  [100-105]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 8, 1975.

The case was reserved and reported by *Kaplan, J.*

*George F. Mahoney* for the plaintiff.

---

QUIRICO, J.   This is an action in which the plaintiff Boston Redevelopment Authority (BRA) seeks to enjoin the defendant John Z. Doherty (master) from hearing or making any decision on an action which was referred to him as master by a judge of the Superior Court. The present action was started by a complaint filed with this court for Suffolk County, and it is now before the full court for decision on the complaint, answer, and statement of agreed facts, having been reserved and reported by a single justice without decision. G. L. c. 231, § 112, as appearing in St. 1973, c. 1114, § 200.

For the reasons which follow, we order that the reference to the master be vacated.

We summarize the relevant facts. Prior to October 11, 1974, the BRA, exercising its power of eminent domain under G. L. c. 79, had taken some real estate from Joseph Tavilla and others (owners) and the owners had filed an action in the Superior Court for the assessment of their damages by reason of the taking. The BRA and the owners seasonably claimed trial by jury in that action. On October 11, 1974, a judge of the Superior Court ordered that the action pending in that court be referred to the master, the findings of fact by the master not to be final. We assume the judge did this on his own initiative, there being no mention in the record of any motion or request by the parties for such a reference. On October 16, 1974, the BRA filed a motion that the order of reference be revoked, stating no reason therefor. On the same date the judge who had entered the order of reference denied the motion to revoke it and the BRA claimed an appeal therefrom. On March 13, 1975, the BRA filed a second motion that the order of reference be revoked, and it was denied on the same date by the same judge. The second motion assigned as the reason therefor the "lack of power in the Court to refer eminent domain actions to Masters for hearing in view of [G. L. c. 79, § 22] as amended by [St. 1973, c. 983, § 1], effective February 1, 1974." The BRA claimed an appeal from the denial of each motion, but since the rulings on them were interlocutory and they were not reported

by the judge, and the action for damages has not been tried on its merits, there has been no appellate review of the interlocutory rulings. The BRA then commenced the present action before the single justice on September 8, 1975, and there have been no hearings or trial before the master or before a judge or jury in the Superior Court.

The BRA bases its claim of entitlement to relief in the present case almost entirely on certain provisions of G. L. c. 79, § 22, as amended, which prescribes the procedure for the trial of petitions for the assessment of damages for land taken by eminent domain. Section 22 formerly provided in part that "[t]he trial shall be by the court unless one of the parties . . . files a notice that he desires a trial by jury; *and the court may appoint an auditor*" (emphasis supplied). However, the underscored language was omitted from § 22 when it was materially revised by St. 1973, c. 983, § 1, and replaced by the following pertinent language applicable to the present case: "The trial shall be by a judge of the superior court sitting without a jury. . . . The judge presiding at the trial shall file a written decision or finding with the clerk . . . . The decision or finding shall include a statement of any damages that are awarded and a report of the material facts found by him. Any party to the action aggrieved by the decision or finding shall have the right to a trial de novo before another judge sitting with a jury. . . . The decision or finding, including any award of damages [by the judge], shall be prima facie evidence upon such matters as are put in issue by the pleadings. Notwithstanding the foregoing provisions of this paragraph, trial shall be held before a jury in the first instance if all parties file a written agreement requesting an initial jury trial, provided that if an initial jury trial is granted, no petition for a trial de novo by any of the aggrieved parties shall be granted."

The BRA contends that because the provision for appointment of an auditor (now generally referred to as a "master," see Mass. R. Civ. P. 53 [a], 365 Mass. 817 [1974]) has been deleted from G. L. c. 79, § 22, as amended, judges of the Superior Court no longer have the power and authority to appoint masters in land damage cases. The

BRA argues that Mass. R. Civ. P. 53, 365 Mass. 817 (1974), and Rule 49 of the Superior Court (1974), relevant portions of which are reproduced in the margin,[1] are "inapplicable to the trial of eminent domain proceedings, notwithstanding [their] conceded applicability to other types of actions now classified as civil actions under Mass. R. Civ. P. 2."

It is not necessary, for the purposes of this opinion, to decide whether the power of the courts to appoint masters (formerly auditors or masters) in civil actions is inherent or whether it exists only when it is expressly granted by statute, as suggested by the plaintiff. Nor is it necessary to decide whether, if the power is not inherent, the Legislature's deletion of the words "and the court may appoint an auditor" from G. L. c. 79, § 22, by the amendment accomplished by St. 1973, c. 983, § 1, indicated an intent to terminate the power of the Superior Court to appoint masters in eminent domain cases. Rather we hold that, whether the power is inherent or statutory in origin, the order referring this case to a master for hearing was an improper exercise of discretion and therefore error.

We recognize that the reference of cases to masters (formerly to auditors or masters) has, in appropriate circumstances, proved to be a valuable aid in clearing congested dockets, reducing backlogs of cases, and generally affording litigants an expeditious method of disposing of claims. See Reardon, Civil Docket Congestion — A Massachusetts Answer, 39 B.U.L. Rev. 297, 308-309 (1959). However, we have also noted that in some circumstances such references have caused great delay and confusion. *Peters* v. *Wallach,*

---

[1] Rule 53 of the Massachusetts Rules of Civil Procedure, provides in pertinent part: "(a) Appointment and Compensation. The court in which any action is pending may appoint a master therein. . . . (b) Reference by Agreement. The court may appoint a master in all cases where the parties agree that the case may be so tried."

Rule 49 of the Superior Court (1974), provides in pertinent part: "1. Appointment. (a) Pursuant to Mass. R. Civ. P. 53 (b), the court may appoint a master if all parties agree thereto. If a party objects to such reference, the court may, nevertheless, for sufficient reason and in the exercise of his sound discretion, appoint a master."

366 Mass. 622, 626 (1975). *O'Brien* v. *Dwight,* 363 Mass. 256, 279-280 (1973). See Goldman, The Auditor System — A Study of Certain Aspects, 27 Boston B. Bull. 133, 135-136 (1956). Cf. *Boyas* v. *Raymond,* 302 Mass. 519 (1939). For the above and other reasons, the decision whether to refer a particular case to a master depends largely on the judge's discretion. The judge's responsibility in the exercise of that discretion is not a matter to be regarded lightly. As we said in *O'Brien* v. *Dwight, supra,* a case involving a "tortuous history" of protracted litigation due in large measure to its reference to a master-auditor (at 280): "Although the decision to refer cases to masters or auditors is an exercise of judicial discretion [citations omitted], the corresponding responsibility and consequences of a reference are such that the discretion should be exercised most discriminately and reasonably sparingly."[2]

Because the parties had not waived their right to further trials before a judge and thereafter before a judge and jury, the order of reference to the master necessarily provided that his findings were not to be final. By G. L. c. 79, § 22, as amended, after the master made and reported his findings the parties would be entitled to a trial before a judge without a jury. At that trial the parties could introduce the findings of the master, particularly as to the amount of damages sustained by the owners whose property was taken from them. Those findings would be prima facie evidence at the trial before the judge. *Cook* v. *Farm Serv. Stores, Inc.,* 301 Mass. 564, 565-566 (1938), and cases cited. J. R. Nolan, Civil Practice § 898 (1975). Section 22 would require the judge to make and file "a written decision or finding ... [which] shall include a statement of any damages that are awarded ...." The parties would then be

---

[2] It is significant in this regard that the discretion of judges in the Federal courts to refer cases to masters is limited by the proviso contained in Fed. R. Civ. P. 53(b): "A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it."

entitled to a further trial before "another judge sitting with a jury," at which jury trial "[t]he decision or finding [of the judge], including any award of damages, shall be prima facie evidence . . . ." G. L. c. 79, § 22, as amended.

If the parties are first required to try a land damage case before a master whose findings are not final, they could be faced with the possibility of going into a trial before a jury with one set of prima facie findings by the master and another by a judge sitting without a jury. The amount of damages as found by the master and the judge could be different. This inconclusive result after two trials, each involving time and expense to the litigants and to the public, should not be encouraged. In *Boyas* v. *Raymond,* 302 Mass. 519, 520-522 (1939), the plaintiff went to trial before a jury with the benefit of G. L. c. 231, § 85A, providing that evidence that the automobile in question was registered in the name of the defendant was "prima facie evidence that it was then being operated by or under the control of a person for whose conduct the defendant was legally responsible." The defendant had the benefit of an auditor's finding that the operator was not a person for whose conduct the defendant was responsible. We held (at 521-522): "It could not rightly have been ruled as matter of law that one of these two conflicting pieces of evidence, which by different statutes were given a *prima facie* quality, should be accepted by the jury and the other rejected. Neither retained the quality of compelling the conclusion that it was true, although each remained evidence throughout the trial . . . . 'When two pieces of evidence conflict, each declared by law to be of *prima facie* force, then the case is thrown open and is to be considered at large upon all the evidence. The tribunal charged with the ascertainment of the facts is bound to determine the inherent evidential value of each piece of evidence and weigh it with the inferences and probabilities arising from all the circumstances, and thus reach a decision. It becomes a question to be decided according to the sound judgment of the jury, which evidence in fact is the more credible.' . . . *Chandler* v. *Prince,* 217 Mass. 451, 455 [1914]."

Litigants should, if reasonably possible, be spared the burden of multiple trials on the same issues. By its 1973 amendment to G. L. c. 79, § 22, the Legislature has exposed litigants in land damage cases to the possibility of two trials, and the courts are powerless to prevent that. However, the courts can and should protect the litigants against exposure to the possibility of three trials in a single case.

There may be circumstances in which a land damage case may properly be referred to a master for trial with findings not final, but this does not appear to be such a case. We hold that in the circumstances of this case it was an improper exercise of discretion to refer the case to a master, and also thereafter to refuse to revoke the order of reference. The order of reference is to be vacated and the action in the Superior Court is to stand for trial and other proceedings in accordance with G. L. c. 79, § 22, as amended by St. 1973, c. 983, § 1.[3]

*So ordered.*

---

[3] It is not clear that all required or interested parties have been joined in the present proceeding, or that the action is properly brought against the master alone. However, that question has not been raised and therefore we do not pursue it.