PETITION OF THE DEPARTMENT OF SOCIAL SERVICES TO DISPENSE WITH CONSENT TO ADOPTION. January 7, 1983. The natural parents of a minor child appeal from a judgment of the Probate and Family Court granting

the petition of the Department of Social Services (Department) to dispense with parental consent to the child's adoption. See G. L. c. 210, § 3, as amended by St. 1978, c. 552, § 36. The trial of the case was held, and the decree entered, before the decision of the United States Supreme Court in *Santosky* v. *Kramer*, 455 U.S. 745 (1982). In that decision, the Supreme Court held that, at a parental rights termination proceeding, a "fair preponderance of the evidence" standard does not meet the requirements of due process and that a "clear and convincing evidence" standard was necessary to satisfy due process. *Id.* at 768-769.

In this case, the judge ruled that notice to and consent of the parents were not required upon any petition for adoption of the child. After the decision in *Santosky* v. *Kramer, supra,* the judge allowed a motion to reconsider in light of that case and specifically found that the evidence of the parents' unfitness was clear and convincing. He declined to amend or revoke the judgment previously entered. We affirm.

The judge filed extensive findings with his decision. A petition to dispense with parental consent to adoption is not adjudged on the basis of parental unfitness as measured in the abstract, but rather by reference "both to [the parents'] character, temperament, capacity, and conduct, and to the welfare of the child . . . ." *Petition of the Dept. of Pub. Welfare,* 383 Mass. 573, 589 (1981), quoting *Richards* v. *Forrest,* 278 Mass. 547, 554 (1932). See G. L. c. 210, § 3. The judge correctly based his decision on a consideration of the personal qualities of the natural parents, the deficiencies in the home environment they had provided, the child's particular needs, and the measurable improvement in all aspects of the child's development after placement in a foster home. All were considerations relevant to establishing parental unfitness and the best interests of the child, issues which in the context of a G. L. c. 210, § 3, petition "are not separate and distinct but cognate and connected." *Petition of the New England Home for Little Wanderers,* 367 Mass. 631, 641 (1975).

On our review of the ample record, and mindful that the "judge was in the best position to determine the weight of the evidence and [the] credibility of the witnesses," *Custody of a Minor (No. 2),* 13 Mass. App. Ct. 290, 306 (1982), quoting *Petition of New Bedford Child & Family Serv.,* 385 Mass. 482, 488-489 (1982), we are satisfied that the judge's findings and conclusions are supported by evidence sufficient to satisfy the clear and convincing standard of parental unfitness. See *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 871 (1975), and authorities cited therein (defining clear and convincing proof).

*Judgment affirmed.*

The case was submitted on briefs.

*Barbara D. Jackins* for the parents.

*Francis X. Bellotti,* Attorney General, *Carolyn V. Wood,* Assistant Attorney General, & *Francine T. Sherman* for Department of Social Services.