CARE AND PROTECTION OF TORRENCE & others.[1] June 18, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Moot Question. Practice Civil,* Moot case. *Probate Court,* Custody of child.

The parents of three minor children who were the subjects of a care and protection proceeding in the Juvenile Court appeal from a judgment of a single justice in the county court denying their petition for relief pursuant to G. L. c. 211, § 3. The parents had sought relief from an order temporarily transferring custody of the children to the Department of Children and Families (department), claiming insufficient evidence of abuse or neglect and the lack of a seventy-two hour hearing. See G. L. c. 119, § 24. In an order previously issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed in the regular course. The department has moved to dismiss the appeal as moot. We allow the motion.

After the single justice denied the G. L. c. 211, § 3, petition and we authorized the parents to proceed with their appeal, a Juvenile Court judge, on his own motion, dismissed the care and protection case without prejudice, and ordered custody returned to the parents. Whether the allegations of abuse and neglect underlying this case — which have never been adjudicated — might be proved and found relevant in connection with a future petition, see *Adoption of Diane*, 400 Mass. 196, 204 (1987), the department concedes that, in these circumstances, no such future petition could be commenced based solely on the prior allegations; any future petition would have to be based on *new* evidence of abuse or neglect showing current parental unfitness. See *Petitions of the Dep't of Social Servs. to Dispense with Consent to Adoption*, 18 Mass. App. Ct. 120, 126 (1984) ("isolated problems in the past or stale information cannot be a basis for a determination of current parental unfitness"). Compare *Adoption of Ramona*, 61 Mass. App. Ct. 260, 264 (2004), with *Adoption of Jenna*, 33 Mass. App. Ct. 739, 744 (1992).[2] The parents thus no longer have a personal stake in the resolution of this appeal, and the children represent that they have no objection to the dismissal of this case as moot.

[1] A brother and sister.

[2] The same unfitness test used in proceedings to dispense with consent to adoption is used in care and protection cases. See *Care & Protection of Laura*, 414 Mass. 788, 790 (1993).

The temporary custody order here came after the parents failed to produce the children for a sexual abuse intervention network interview and defied a court order to produce the children for identification, G. L. c. 119, § 26; the mother took the children out of the State and later out of the country. The parents' attempt to obtain review pursuant to G. L. c. 211, § 3, of the custody order while in violation of it was improper. See *Ellis* v. *Doherty*, 334 Mass. 466, 467-468 (1956); *Henderson* v. *Henderson*, 329 Mass. 257, 257-259 (1952); *Trupiano* v. *Trupiano*, 13 Mass. App. 1010, 1011 (1981).[3] Moreover, the parents have not identified any legal issue of systemic importance or public interest to justify reaching the merits of the case. Compare *Guardianship of Nolan*, 441 Mass. 1012, 1013 (2004), and *Care & Protection of Perry*, 438 Mass. 1014 (2003), with *Care & Protection of Erin*, 443 Mass. 567, 567-568 (2005).

*Appeal dismissed.*

*Raffaela C. Hanley* for the mother.

*Dana Alan Curhan* for the father.

*Lynne M. Murphy* for the Department of Children and Families.

*Andrew L. Cohen*, Committee for Public Counsel Services (*Jeannie M. Rhinehart*, Committee for Public Counsel Services, with him) for the children.

---

[3]Kidnapping charges were brought against the parents under G. L. c. 265, § 26A, because of their disobedience of the custody order, but those charges have been nol prossed. The possibility that the Commonwealth might in the future seek to pursue those charges is collateral to the matter before us and, further, is speculative (particularly where the care and protection case has been dismissed, the custody order has been vacated, and custody has been returned to the parents).