CARE AND PROTECTION OF JOSELITO.[1]

No. 09-P-1402.

Plymouth. December 10, 2009. - June 14, 2010.

Present: MILLS, KATZMANN, & FECTEAU, JJ.

*Practice, Civil,* Care and protection proceeding, Review of interlocutory action, Findings by judge, Moot case. *Adoption,* Dispensing with parent's consent. *Parent and Child,* Dispensing with parent's consent to adoption.

In the circumstances of a care and protection proceeding in the Juvenile Court that ended, following the entry of judgment in a separate Probate and Family Court proceeding concerning the custody of the same child, in a judgment of dismissal, an earlier, interlocutory finding by a Juvenile Court judge that the father was unfit to care from the child did not constitute an appealable order, where the care and protection case did not result in an order for permanent custody or for a guardianship, but was instead dismissed, and therefore, notwithstanding the interlocutory finding of unfitness, nothing remained for redetermination, reconsideration, or review by the Juvenile Court [30-32]; further, given the lack of an integral relationship between the finding of unfitness challenged by the father and the judgment of dismissal, it was not necessary to review the correctness of the finding, which was implicitly vacated, and the evidentiary value, if any, the finding may have had to any future proceedings was eliminated [32-33].

PETITION filed in the Plymouth County Division of the Juvenile Court Department on July 10, 2007.

Entry of a judgment of dismissal was ordered by *John P. Corbett,* J.

*Diane Messere Magee* for the father.

*Muriel Ann Finnegan* for Department of Children and Families.

*Debbie L. Segal* for the child.

FECTEAU, J. The father challenges certain findings of fact, conclusions of law and orders entered by a Juvenile Court judge in a care and protection action that concluded in a judg-

[1] A pseudonym.

ment of dismissal. Although the case is not moot, we conclude that his appeal is essentially from an interlocutory finding from which no appeal lies and that the finding has been superseded by a dismissal of the case, an order that implicitly vacates the finding. While the judgment of dismissal is properly before us, it was not entered in consequence of, nor does it rest upon, the interlocutory finding of unfitness; consequently, since the Juvenile Court judge had discretion to dismiss the care and protection action following an order of the Probate Court, we affirm the judgment of dismissal in the Juvenile Court.

*Background.* During the pendency of a May, 2004, custody order that had entered in the Probate Court pursuant to the provisions of G. L. c. 209C, §§ 3 and 10, granting shared legal custody to both parents but physical custody to the father, the father had often allowed the child's mother to have physical custody of Joselito on a lengthy, ad hoc basis. In July, 2007, during one of those occasions, the Department of Children and Families (DCF) filed a petition, under the provisions of G. L. c. 119, § 24, for the care and protection of the child and removed Joselito from the mother's care.

Following a 2008 trial in the Juvenile Court on this petition, the judge found the father "unfit" and unable and unavailable to further the welfare and best interests of his son. However, upon the request of DCF, the judge allowed temporary custody of the child to be awarded to the mother pending the Probate and Family Court's (Probate Court) consideration of her complaint for modification of its original 2004 custody order. After an independent trial was held in the Probate Court, the judge determined in January, 2009, that there had been a material and substantial change of circumstances since the original custody order of the Probate Court had been entered three years prior.[2] Joint legal custody of both parents was continued and left unchanged by the modified custody order but physical custody was granted to the mother under the provisions of G. L. c. 209C,

---

[2]According to the decision of the Probate Court judge, it appears that the findings and rulings of the Juvenile Court judge were received into evidence, but no preclusive effect was given to those findings that concerned the father's unfitness. As no appeal from the Probate Court judgment is before us, we intimate no conclusions with respect to the appropriateness of this evidence.

§ 20.[3] In March, 2009, in light of the Probate Court judgment, the Juvenile Court judge dismissed the care and protection petition.

On appeal from the order of the Juvenile Court, the father challenges the judge's finding that he was then unfit to parent his son Joselito. DCF contends that the case is moot because of the dismissal of the care and protection action in the Juvenile Court. While conceding "facial" mootness, the father argues that he should be permitted appellate review because the Probate Court decision was based, in part, on the Juvenile Court judge's finding of unfitness, and that although the Juvenile Court finding does not amount to an adjudication, this is a stratagem that is capable of repetition and can be employed against similarly situated parents but evade appellate review.

Nonetheless, he does not explain why his challenge to these findings could not have been made by a direct appeal from the Probate Court judgment of modification, a step that he apparently has not taken. See note 2, *supra.* More to the point, however, since the finding he seeks to challenge was interlocutory in nature, and without continuing vitality given the dismissal of the care and protection action, an order that did not rest upon the finding of unfitness, he fails to explain how this finding, interlocutory in nature, is appealable under these circumstances or, even if invalid, how the judgment of dismissal can be disturbed.

*Discussion.* As noted, the father is putatively appealing from a finding by the Juvenile Court judge that he was unfit to care for Joselito. However, that case ended in a judgment of dismissal, after the Juvenile Court judge had vacated his original order granting temporary custody to DCF (entered upon the filing of petition) and granting temporary custody to the mother (she having been found then to be a fit parent).[4] The dismissal of the care and protection action in the Juvenile Court means that the parental rights of the father were not terminated nor were any

[3]Chronologically, the final judgment of the Probate Court, from which the father has apparently not appealed, is the last judgment in time that concerns the custody of Joselito and, in light of the procedural context in which the judgment entered, that court continues to have jurisdiction to consider and determine the child's best interests in further modification actions.

[4]As noted above, the dismissal occurred following the modification of custody by the Probate Court judge who awarded physical custody to the mother.

orders entered with prejudicial effect against the father, pursuant to G. L. c. 119, §§ 29B and 29C.

Unlike *Care & Protection of Thomasina*, 75 Mass. App. Ct. 563, 572-573 (2009), this care and protection case did not result in an order for permanent custody or for a guardianship, but was instead dismissed.[5] Given that dismissal, and notwithstanding the interlocutory finding of unfitness, nothing remains for redetermination, reconsideration, or review by the Juvenile Court. Such a posture does not constitute an "adjudication of the court" from which appeal is taken in care and protection proceedings. G. L. c. 119, § 27. "The 'adjudication' referred to in § 27 is solely a determination that the child is or is not in need of care and protection." *Adoption of Donald*, 44 Mass. App. Ct. 857, 860 (1998). See *Custody of a Minor*, 389 Mass. 755, 763 (1983). Support for this interpretation is seen in G. L. c. 119, § 27, which states that during the pendency of an appeal, the court that has entered an "adjudication" retains jurisdiction to enter any order for the needs of the child, a concept that is at odds with a dismissal of the case.

Instructive is the case of *Adoption of Karla*, 46 Mass. App. Ct. 64, 65 (1998), in which a Probate Court judge entered "findings stating that, although she could not conclude by clear and convincing evidence that the mother was then unfit, she also could not conclude that the mother was 'able to meet the needs of her children once they are returned to her' "; she then continued the matter for six months to allow the children to transition back to the mother's home in time for the beginning of school, and retained jurisdiction. Thereafter, the department moved to stay placement of the children with their mother, additional evidence was taken, and the judge issued a decree dispensing with the mother's consent to adoption rejecting the mother's attempt to use the earlier findings preclusively. We said:

"Nor are we persuaded that the findings, which by their

[5]In *Care & Protection of Thomasina, supra* at 570, the child was found in need of care and protection and was committed to permanent custody of DCF (with foster parents appointed as permanent guardians) but parental rights were not terminated, the case was not dismissed and was kept open. That case was held not to be moot because the parents retained "residual rights," including review and redetermination of child's commitment to DCF on the issue of continuing need of care and protection.

express terms contemplate further proceedings, constitute an appealable order. See generally *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 398-401 (1980) (interlocutory appeal of Probate Court orders available only by statute or judicial authorization, particularly where express terms of interlocutory order indicated that it was not intended to be a final adjudication of the parties' rights); *School Comm. of Quincy* v. *Quincy Educ. Assn.*, 22 Mass. App. Ct. 914, 915 (1986) (since the judge's order for remand to arbitrator was one which expressly contemplated further hearing, it was not appealable). The judge, apparently in reliance on *Adoption of Carlos*, 413 Mass. 339, 344-345 (1992), explicitly continued the proceedings for six months without entering a final decree on the G. L. c. 210 petition, based on her finding that the mother's lack of custody experience with her two daughters prevented the judge from making a definitive finding regarding the mother's ability to meet the children's needs."

*Id.* at 66-67 (footnote omitted).

Because of the lack of an integral relationship between the interlocutory findings of unfitness challenged by the father and the judgment of dismissal, we need not review the correctness of the findings. See *Hastings & Sons Publishing Co.* v. *Treasurer of Lynn*, 374 Mass. 812, 813, n.2 (1978); *Mancuso* v. *Mancuso*, 12 Mass. App. Ct. 973, 974 (1981) ("[i]n these circumstances, we conclude that the interlocutory orders have no continuing relevance beyond the final judgments in the case . . . and, as a consequence, that the issues now raised with respect to them need not be discussed").

Because the dismissal here is not integrally related to the interlocutory finding of unfitness, such a finding is implicitly vacated and any evidentiary value, if any, that the findings may have had to any future proceedings is eliminated; the department's stance that this case is moot implies its agreement with our view that the father has no further stake in the Juvenile Court proceedings including any future evidentiary use of the findings adverse to his interest. While the factual circumstances that underlie the findings may be presented in future applications, given the circumstances of this case, the Juvenile Court judge's

finding of his parental unfitness can have no further evidentiary value and would not be admissible.[6]

Accordingly, the judgment of dismissal in the Juvenile Court must be affirmed.[7]

*So ordered.*

---

[6]Moreover, should the father regain physical custody in the future, and the department was again to take steps toward removal of the child, it could not simply seek to reopen this case; it would be required to begin the process anew. Contrast *Care & Protection of Thomasina*, 75 Mass. App. Ct. at 571-573, and *Adoption of Gillian*, 63 Mass. App. Ct. 398, 406 (2005) (holding that permanency plans entered pursuant to G. L. c. 119, § 29B, including appointment of permanent guardian, pursuant to G. L. c. 201, § 1, as in effect at that time, does not render care and protection moot nor require new actions to challenge parental fitness). This case is sufficiently similar to *Care & Protection of Torrence*, 454 Mass. 1010, 1011 (2009) (held as moot where care and protection case was dismissed, without prejudice, with no adjudication made other than custody temporarily granted to DCF pending sexual abuse intervention network interview). "[T]he department concedes that, in these circumstances, no such future petition could be commenced based solely on the prior allegations; any future petition would have to be based on new evidence of abuse or neglect showing current parental unfitness." *Id.* at 1010.

[7]Were we to review the basis for the judge's finding of unfitness, we would conclude that there was ample evidence to support the judge's determination. That evidence included substance abuse, domestic violence, a criminal record, neglect, and failure to comply with or sign service plans.