NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-238                                          Appeals Court

CARE AND PROTECTION OF YARRICK.[1]


        No. 19-P-238.     November 12, 2019.


Minor, Care and protection.  Parent and Child, Care and
    protection of minor.  Practice, Civil, Care and protection
    proceeding, Findings by judge.


        In this consolidated appeal, Yarrick's noncustodial father
challenges (1) an adjudication finding him unfit and the child
to be in need of care and protection, and (2) a subsequent order
specifically finding that the father remained unfit, but
nonetheless dismissing the care and protection petition and
returning the child to the mother's care.  The father contends,
and the Department of Children and Families (department) agrees,
that the original determination of the father's unfitness was
infected by procedural due process irregularities and that the
judge's attempt to imbue the finding of continued unfitness with
preclusive effect is invalid.  The mother and child ask us to
affirm both findings of the father's unfitness.  Concluding that
the finding of continued unfitness was not integrally related to
the dismissal of the care and protection petition, we vacate the
aspect of the judge's order of dismissal purporting to give that
finding preclusive effect.  We dismiss the appeal from the
original finding of unfitness.

        The department initiated care and protection proceedings on
behalf of the child in August 2015, when he was nine months old.
See G. L. c. 119, § 24.  At that time the mother was the
custodial parent and the father, who had no involvement in
raising the child, had not yet established paternity.  The court
granted the department temporary custody.  A one-day trial on

--------

[1] A pseudonym.

the merits was held on July 10, 2017.  The father was neither present nor represented by counsel.[2]  After the mother stipulated to her present inability to care for the child and the social worker assigned to the case testified about her own interactions with the father, the judge found both parents unfit and entered an order committing the child to the department's custody.  The judge subsequently appointed new counsel for the father, who filed a timely notice of appeal.  The father later established paternity.

A review and redetermination hearing was scheduled for September 17, 2018.  The department, satisfied that the mother had complied with her service plans and was able to care for the child, sought to dismiss the care and protection petition.  The father was not present but was represented by counsel.  The father's counsel opposed the department's motion to dismiss and, noting that the father was not represented or present at the hearing in which he was originally found unfit, asked to continue the matter for an updated court investigation and renewed hearing on the father's fitness.  The judge decided to proceed with the hearing as scheduled.  At the conclusion of the hearing, where again only the social worker testified, the judge concluded that the mother was currently fit and that the father remained unfit.  The judge granted custody to the mother.  The judge declined to dismiss the petition at that time, however, taking the final disposition under advisement.  A docket entry dated September 17, 2018, states, "Court issues order father remains unfit, under advisement whether to dismiss."  The father filed a notice of appeal on October 1, 2018.[3]

---

[2] The father's first court-appointed attorney moved to withdraw, citing "[a] complete breakdown in communication" with the father, and her motion was allowed at an ex parte hearing; the judge refused to appoint another attorney until the father appeared in court.  Whether the father received notice of the result of the withdrawal motion is questionable.  There is no evidence that he had actual notice of the July 10, 2017, trial.

[3] The father's notice of appeal from the finding that he remained unfit preceded the entry of the order of dismissal.  We exercise our discretion to treat the father's appeal from the order of dismissal, purporting to give preclusive effect to the finding of continued unfitness, as properly before us, as none of the parties objected to the timing of the notice of appeal and because the judge addressed, and the parties fully briefed, the merits.  See ZVI Constr. Co. v. Levy, 90 Mass. App. Ct. 412,

On October 12, 2018, the judge issued "Ultimate Findings, Orders on Motion for Review and Redetermination, and Order of Dismissal," memorializing the above findings and dismissing the petition.  The judge noted that the dismissal rendered future proceedings regarding the child's custody outside of the Juvenile Court's purview.  However, in a section of the order entitled "Vitality of Unfitness Findings in Future Proceedings," the judge, citing Care & Protection of Joselito, 77 Mass. App. Ct. 28 (2010), wrote, "Here, the dismissal of the care and protection petition is integrally related to the finding of current fitness regarding Mother and the finding of continued unfitness of Father" (emphasis added).  "[I]t follows," the judge reasoned, that "the future evidentiary value of those findings survive and those findings may be admissible if relevant in future proceedings."  The judge made similar statements in written findings of fact issued on January 25, 2019, nunc pro tunc to October 12, 2018.

In Care & Protection of Joselito, 77 Mass. App. Ct. at 29-30, while child custody proceedings between the father and the mother were pending in the Probate and Family Court, the department initiated care and protection proceedings in the Juvenile Court.  A Juvenile Court judge found the father unfit and awarded temporary custody to the mother.  When the Probate and Family Court judge entered final judgment granting physical custody to the mother, the Juvenile Court judge dismissed the care and protection petition.  In this posture, we dismissed the father's appeal from the care and protection proceedings, concluding that "[a]lthough the case is not moot," the Juvenile Court judge's finding of the father's unfitness was "an interlocutory finding from which no appeal lies."  Id. at 29.  Because the finding of unfitness was not "integrally related" to the dismissal, the finding was implicitly vacated and would not be admissible in any future proceedings.  Id. at 32-33.

The fact that the custody determination underlying the dismissal of the care and protection petition here was made by the same judge in the same proceeding, whereas the custody determination in Care & Protection of Joselito was made by a different judge in a separate proceeding, does not make the interlocutory finding of the father's unfitness here any more relevant to the ultimate disposition.  For the same reasons that we dismissed the father's appeal in Care & Protection of

418 (2016); Hodge v. Klug, 33 Mass. App. Ct. 746, 750-751 (1992).

Joselito, we dismiss the father's current appeal from the original finding of unfitness.

However, the judge clearly intended for his subsequent finding of the father's continued unfitness to have future effect and, in an attempt to distinguish Care & Protection of Joselito, announced that that finding was "integrally related" to the dismissal. It was not. The finding of the mother's fitness was integrally related to the disposition, as the dismissal necessarily rested on the finding that the child was no longer in need of care and protection and could be returned to her. The finding of the father's continued unfitness was unnecessary to the disposition. As in Care & Protection of Joselito, the father's parental rights were not terminated. The petition could have been dismissed without a trial, and without making any findings concerning the noncustodial father's fitness. "While the factual circumstances that underlie the findings may be presented in future applications, given the circumstances of this case, the Juvenile Court judge's finding of [the father's] parental unfitness can have no further evidentiary value and would not be admissible." Care & Protection of Joselito, 77 Mass. App. Ct. at 32-33. See Care & Protection of Torrence, 454 Mass. 1010, 1010 (2009).

Accordingly, so much of the order dismissing the petition as purported to make a finding of the father's continued unfitness is vacated. The dismissal of the petition is affirmed in all other respects. The father's appeal from his adjudication of unfitness dated July 10, 2017, is dismissed.

So ordered.


Michael S. Penta for the father.
Steven A. Ciulla for the child.
Marianna Jisun Yang for the mother.
Brian Pariser, Assistant Attorney General, for Department of Children and Families, was present but did not argue.